AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 2:25-mj-0261-EJY |
| PAUL HYON KIM ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

(see attached pages for OTHER REASONS OR FURTHER EXPLANATION:)

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:      03/31/2025                      _Elayna J. Zouchah_
                                            United States Magistrate Judge

OTHER REASONS OR FURTHER EXPLANATION:

Under 18 USC § 3142, the Court is tasked with considering whether there are conditions of release that will reasonably assure the appearance of Defendant as required as well as the safety of the community and other persons in the community. The factors to be considered as stated under the law in determining whether an appropriate condition of release can be fashioned include the nature and seriousness of the offense charged, and the weight of the evidence, as well as Defendant's character, physical, and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and the nature and seriousness of the danger to the community or to any other person in the community posed by Defendant's release. If the government demonstrates by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the appearance of Defendant as required, or by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of any persons or the community, then the Court properly detains Defendant pending trial. As the Court has indicated, this is not an easy decision nor one that is taken lightly no matter who is before it. The Court has reflected very carefully on all of the arguments made, all of the information provided by the parties, and has considered the nature and circumstances of the crime that was committed, Defendant's background, his mother's testimony, the Pretrial Services Report issued by a senior Pretrial Services Officer, and the law that guides the Court as previously summarized. Among other important information, the Court notes that the Pretrial Services Report indicates that Defendant's "parents", not just his mother, stated that he barely calls and that his brother stated that Defendant does not talk with his parents much. As the Court previously indicated, the Court finds there are conditions that would ameliorate risk that Defendant would not appear as required in the future. The government has not demonstrated by a preponderance of the evidence that there are no conditions or combination of conditions that will address the risk of nonappearance by Defendant. Placement with a third-party custodian, Defendant's mother, in her home and with his siblings, with the supervision of Pretrial Services, home detention, and location monitoring would address risk of non-appearance. There is nothing in Defendant's background or his conduct that suggests these conditions would not be sufficient.

The concern and focus for the Court is danger to the community. The question, of course, is whether the Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of other persons or the community. The Court greatly appreciates Defendant's mother's appearance and her earnest presentation. The Court believes she is well intentioned and dedicated to helping her son. Unfortunately, after a great deal of thought, the Court finds that Defendant's mother, even with location monitoring and home confinement, is not sufficient to protect the community or persons in the community from danger. The Court understands that what is presently before it are facts that have been leveled against Defendant and that they are allegations. Nothing has been proven and Defendant is entitled to and is, in fact, innocent until proven guilty beyond a reasonable doubt. However, it is always true that what the Court has before it at a pretrial detention hearing are allegations. While the weight of the evidence is the least important factor for the Court to consider, the nature and seriousness of the crime alleged, and the nature and seriousness of the danger to other persons and the community posed by the facts in this case, are such that these elements take paramount position even when considered with the facts that Defendant has no criminal history, was not on supervised release or any other form of court release at the time of the crime, and does not appear to have a drug or alcohol related dependency.

The events in this case took place at a Tesla collision business. The perpetrator targeted the business for specific reasons as opposed to a random act or an act of convenience. It is obvious the act alleged was planned ahead of time and with specificity. The events were intended to cause damage through the use of a high-powered weapon and three Molotov cocktails. These hand thrown incendiary devices are, in fact, small bombs, two of which exploded. This was not a burglary or a robbery, this was not vandalism of Tesla cars by writing something on their sides, smashing the windows, keying the doors, or otherwise engaging in what the Court would call "ordinary vandalism."  What occurred in this instance was so much more violent and dangerous than those kinds of acts. The acts taken appear to be intended to create fear and, even though committed at 2:45am, they posed serious risk to human life. The Court also finds it fair to say that the intent of the act was to influence, and to potentially coerce, others into action.

Shots were fired in a very public place and that they did not go astray was fortunate. Additionally, the fact that the Teslas set on fire by Molotov cocktails did not explode and cause danger to human life or harm to human life is also fortunate. However, the fact that injury to other persons did not occur does not equate to finding the seriousness of the crime alleged and the seriousness of the danger of serious harm of human life can be sufficiently addressed through conditions of release. All of what is before the Court is just too much for it to find that the individual who is alleged to have engaged in these acts and for whom there is significant evidence to support that he committed these acts may remain in the community. The Court finds that Defendant's connection to his family, as reported by Pretrial Services after interviews with family members, but also after considering his mother's testimony, too attenuated to find this connection is a sufficient deterrent to ameliorate danger. The Court finds, by clear and convincing evidence, that there are no conditions or combination of conditions that will reasonably assure the safety of other persons or the community and, on that basis, Defendant is ordered detained pending trial.