TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar Number 14746
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
jacob.operskalski@usdoj.gov
*Representing the United States of America*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00093-JAD-EJY |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF GUILTY PLEA WITHOUT PLEA AGREEMENT** |
| PAUL HYON KIM, | |
| Defendant. | |

The government was notified that the defendant, Paul Hyon Kim, intends to enter a plea of guilty without the benefit of a plea agreement. ECF No. 43. The defendant provided that notice in a timely manner, which allowed the Government to avoid preparing for trial and to efficiently allocate resources.

This Memorandum is to aid the Court in advising the defendant of the consequences of a guilty plea under Federal Rules of Criminal Procedure 11(b).

On April 9, 2024, a federal grand jury returned an indictment charging the defendant with two counts of arson of property used in interstate commerce in violation of 18 U.S.C. § 844(i) (Counts 1-2); one count of attempted arson of property used in interstate commerce in violation

of 18 U.S.C. § 844(i), and one count of unlawful possession of an unregistered firearm (destructive device) in violation of 26 U.S.C. § 5861(d) (Count 4). ECF No. 23.

**PENALTY**

**Statutory**:

The maximum penalty for each violation of 18 U.S.C. § 844(i) is 20 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. There is a mandatory minimum sentence of five years.

The maximum penalty for a violation of 26 U.S.C. § 5861(d) is 10 years imprisonment; a 3-year period of supervised release; a fine of $10,000, and a mandatory special assessment of $100.

Accordingly, the defendant herein faces a maximum penalty of 70 years imprisonment; a 12-year period of supervised release; a fine of $510,000 or twice the gross gain or gross loss resulting from the Counts 1-3 (plus 10,000), whichever is greatest; and a mandatory special assessment of $400.

**Sentencing Guidelines:**

The sentence imposed will be imposed pursuant to 18 U.S.C. § 3553(a). In determining the sentence, the Court must consider the United States Sentencing Guidelines. However, those Guidelines are only advisory and are just one factor for the Court to consider in arriving at a fair, just, and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions which are used to determine the advisory offense level and criminal history category under the Sentencing Guidelines. After the Court makes this decision, it then may impose a sentence within the applicable Guideline range or any sentence

the Court deems reasonable, and sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished. Under U.S.S.G. § 5D1.1, a term of supervised release following imprisonment is required when the term of imprisonment is more than one year.[1] Pursuant to 18 U.S.C. § 3559(a)(3), these are Class C felonies. Because these are Class C felonies, if a term of supervised release is imposed in this matter, the term shall be at least one year but not more than three years per count under U.S.S.G. § 5D1.2(a)(2).

Under the provisions of U.S.S.G. § 5E1.2, a fine must be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, U.S.S.G. § 5E1.2(e) allows the District Court to waive the fine, impose a lesser fine or an alternative sanction, such as community service, if the defendant establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

Defendant must be ordered to pay restitution.

A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of $100.00 must be imposed for each count, for a total of $400.00.

## ELEMENTS OF THE OFFENSE

Counts 1-3: The elements of arson of property used in interstate commerce in violation of 18 U.S.C. § 844(i) are as follows:

First:  The defendant maliciously;

Second:  damaged or destroyed a building, vehicle, or other real or personal property;

Third:  by means of fire or explosive; and

---

[1] The requirement does not apply if the defendant is a deportable alien who is likely to be deported after imprisonment. This exception does not appear to be applicable here.

3

|   |   |   |
|---|---|---|
| | Fourth: | the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. |

18 U.S.C. § 844(i).[2]

Count 4: The elements of unlawful possession of an unregistered firearm (that "firearm" being a "destructive device," i.e. Molotov cocktail) in violation of 26 U.S.C. § 5861(d) are as follows:

|   |   |   |
|---|---|---|
| | First: | the defendant knowingly possessed a Molotov cocktail; and |
| | Second: | the defendant was aware that the Molotov cocktail was an explosive device; and |
| | Third: | the defendant had not registered the Molotov cocktail with the National Firearms Registration and Transfer Record. |

## FACTUAL BASIS

On March 18, 2025, defendant arrived at the Tesla Collision center located on West Badura Avenue in Las Vegas, Nevada to destroy and damage Tesla vehicles using a firearm and three Molotov cocktails – many of his actions were caught on video surveillance footage. Defendant spray-painted the word "RESIST" on the front of the Tesla Collision center entrance. Defendant used a Palmetto State Armory (PSA), PA-15, Multi (caliber), firearm bearing the serial number SCNL242328 equipped with a .300 BLACKOUT upper receiver attached to the lower receiver; and a Dead Air, Sandman K, 7.62mm, Silencer, bearing the serial number SMK-21705 to shoot out surveillance cameras; he then fired several shots into a number of Tesla vehicles. Next, defendant threw three Molotov cocktails into three separate Tesla vehicles; two erupted into flames, and the third (which was undetonated) was later retrieved by first responders. By throwing the two Molotov cocktails that exploded, defendant maliciously

---

[2] For Count 3, attempted arson of property used in interstate commerce, the defendant must have intended [the elements listed above], and that defendant did something that was a substantial step toward committing the crime.

damaged two Tesla vehicles by means of fire and explosives. Those two vehicles were demolished to the point of being total losses. In total, defendant's malicious actions damaged five Tesla vehicles, and all five were used in interstate commerce and in activity affecting interstate commerce.

Prior to and during the commission of the arsons and attempted arson on March 18, 2025, defendant knowingly possessed three Molotov cocktails. Defendant was aware that the Molotov cocktails were each explosive devices. The defendant had not registered the Molotov cocktails with the National Firearms Registration and Transfer Record.

Law enforcement officials searched defendant's residence and recovered a Palmetto State Armory (PSA), PA-15, Multi (caliber), firearm bearing the serial number SCNL242328 and a .300 BLACKOUT upper receiver attached to the lower receiver; and a Dead Air, Sandman K, 7.62mm, Silencer, bearing the serial number SMK-21705. During the search of defendant's residence, officials also recovered pink paint consistent with the paint used to leave the word "RESIST" on the front of the Tesla Collision center, ammunition in multiple calibers, and a handwritten note with the words "Escape route" written on it.

Additionally, defendant's DNA was compared to DNA samples obtained from items recovered from the Tesla Collision crime scene. Defendant's DNA was on a container of matches, a lighter device, and a bottle cap that were recovered from the scene.

Defendant actively took steps to conceal his crimes and evade apprehension from police.

All of the foregoing occurred in Las Vegas in the state and federal district of Nevada.

Respectfully submitted this 22nd day of February, 2026.

TODD BLANCHE
Deputy Attorney General of the United States

*s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney