TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar Number 14746
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
jacob.operskalski@usdoj.gov
*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:25-CR-093-JAD-EJY |
| Plaintiff, | **Government's Forfeiture Memorandum, Supplement to Memorandum in Support of Guilty Plea Without Plea Agreement, ECF No. 45** |
| v. | |
| PAUL HYON KIM, | |
| Defendant. | |

**FORFEITURE**

This Forfeiture Memorandum is a supplement to Government's Memorandum in Support of Guilty Plea Without Plea Agreement, ECF No. 45.

The defendant knows and understands:

A.      The Court shall order and impose the forfeiture of the following property to the United States as set forth in the Bill of Particulars and the Forfeiture Allegations of the Indictment:

1.      Palmetto State Armory (PSA), PA-15, Multi (caliber), bearing the serial number SCNL242328 with a .300 BLACKOUT upper receiver attached to the lower receiver;

2.   Dead Air, Sandman K, 7.62mm, Silencer, bearing the serial number SMK-21705; and

3.   any and all compatible ammunition

(all of which constitutes property);

B.    The property is any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 18 U.S.C. § 844(i) and any firearm involved in any violation of 26 U.S.C. § 5861(d) and is subject to forfeiture under 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c) and 26 U.S.C. § 5872(a) with 28 U.S.C. § 2461(c);

C.    The property will be forfeited to the United States of America;

D.    The government can show by preponderance of the evidence the requisite nexus between the crimes to which the defendant is pleading and the property that is subject to forfeiture.

E.    The forfeiture severs all possessory rights, ownership rights, and all rights, titles, and interests in the property of the defendant;

F.    The criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the forfeiture;

G.    The amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

H.    The property represents facilitating property of illegal conduct and is forfeitable; and

/ / /

/ / /

/ / /

2

I.    On the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

Dated: February 23, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General of the United States

*s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney